IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------x
MELISSA KIVO,
individually and on behalf of a class,

        Plaintiff,

  v.

INTERNATIONAL HAIR AND BEAUTY
SYSTEMS, LLC, doing business as SIMPLY
ORGANIC BEAUTY, and DOES 1-10,

        Defendants.
-----------------------------------------------------------------x

**COMPLAINT – CLASS ACTION**

## INTRODUCTION

1. Plaintiff Melissa Kivo brings this action, on behalf of plaintiff and the class defined herein, to secure redress for the actions of defendant International Hair and Beauty Systems, LLC, doing business as Simply Organic Beauty, in sending or causing the sending of unsolicited text message calls ("spam") to cellular telephones, in violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

2. In order to protect the privacy of cellular subscribers, and to avoid forcing recipients of spam to pay for it, the TCPA prohibits automated text messages to cellular phones.

## JURISDICTION AND VENUE

3. This Court has jurisdiction under 28 U.S.C. §§1331 and 1367. *Mims v. Arrow Financial Services, LLC*, 132 S. Ct. 740, 751-53 (2012).

4. Venue and personal jurisdiction in this District are proper because defendant's messages were received here.

## PARTIES

5. Plaintiff Melissa Kivo is an individual who resides in this District.

6. Defendant International Hair and Beauty Systems, LLC is a limited liability company chartered under Florida law. Its registered agent and office are Nicholas Taldone, 9020

1

Rancho Del Rio Drive, New Port Richey, FL 34655.

7. Does 1-10 are other natural or artificial persons involved in sending the text messages described herein.

## FACT PERTAINING TO PLAINTIFF KIVO

8. On August 7, 2017, at 1.12 p.m., a cell phone used by plaintiff Melissa Kivo received an unsolicited text message from defendant. (Exhibit A)

9. The "Salon Business Bootcamp" promoted in the message is a program offered by Simply Organic Beauty for the purpose of promoting the sale of its products (Exhibit B).

10. The telephone number 727-205-0177 that appears on the message is answered by an automated system, using a computer-generated or recorded voice, that directs callers to www.simplyorganicbeauty.com for the purpose of placing orders.

11. The web site www.simplyorganicbeauty.com is issued to Scott Mitchell, 3265 Boesch Drive, Palm Harbor, Florida (Exhibit C).

12. Mitchell uses an email address associated with www.organiccolorsystems.com (Exhibit C) This site is issued to Scott Mitchell, Organic Salon Systems. (Exhibit D)

13. Organic Salon Systems is a fictitious name used by International Hair and Beauty Systems, LLC. (Exhibit E)

14. Scott Mitchell is an officer of International Hair and Beauty Systems, LLC. (Exhibit F)

15. On information and belief, defendant International Hair and Beauty Systems, LLC was responsible for the "Simply Organic Beauty" promotion and the unsolicited text message sent to plaintiff.

16. Discovery may reveal additional text message calls as well.

17. Plaintiff had no prior relationship with defendant and had not authorized the calls or provided defendant with the cell phone number.

18. The text message calls were made as part of a mass broadcasting of text message

calls. The message received by plaintiff Kivo appears to have been sent to a large number of persons using automated equipment and promotes an event intended for a large number of persons.

19. There is no reasonable means for plaintiff or other recipients of defendants' text message calls to avoid receiving them while continuing to receive desired communications on the telephone.

## COUNT I – TCPA

20. Plaintiff incorporates ¶¶ 1-19.

21. The TCPA, 47 U.S.C. § 227, prohibits unsolicited text message calls to cell phones:

> **. . . (b) Restrictions on use of automated telephone equipment.**
>
> **(1) Prohibitions. It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States--**
>
> **(A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice– * * ***
>
> **(iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call . . .**

22. The TCPA, 47 U.S.C. §227(b)(3), provides:

> **Private right of action.**
>
> **A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State–**
>
> **(A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,**
>
> **(B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or**
>
> **(C) both such actions.**

> **If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under the subparagraph (B) of this paragraph.**

23. Plaintiff and each class member suffered damages as a result of receipt of the unsolicited text message calls, including annoyance, loss of time, and use of electricity and loss of battery life. Furthermore, plaintiff's statutory right of privacy was invaded.

24. Plaintiff and each class member are entitled to statutory damages.

25. Defendant violated the TCPA even if its actions were only negligent.

26. Defendant should be enjoined from committing similar violations in the future.

## CLASS ALLEGATIONS

27. Pursuant to Fed. R. Civ. P. 23(a) and (b)(3), plaintiff brings this claim on behalf of a class. The class consists of (a) all persons (b) who, on or after a date four years prior to the filing of this action (28 U.S.C. §1658), (c) were sent text message calls by or on behalf of defendant (d) with respect to whom defendant has no evidence of express consent.

28. The class is so numerous that joinder of all members is impractical. Plaintiff alleges that there are more than 40 members of the class.

29. There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. The predominant common questions include:

   a. Whether defendant engaged in a pattern of sending automated text message calls.

   b. Whether defendant thereby violated the TCPA.

30. Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices. Neither plaintiff nor plaintiff's counsel has any interests which might cause them not to vigorously pursue this action.

31. A class action is an appropriate method for the fair and efficient adjudication of

this controversy. The interest of class members in individually controlling the prosecution of separate claims against defendants is small because it is not economically feasible to bring individual actions.

32. Several courts have certified class actions under the TCPA. Telephone call and text message cases include: *Meyer v. Portfolio Recovery Associates, LLC,* 707 F.3d 1036 (9th Cir. 2012); *Manno v. Healthcare Revenue Recovery Group, LLC*, 289 F.R.D. 674 (S.D.Fla. 2013); *Mitchem v Illinois Collection Serv.*, 271 F.R.D. 617 (N.D.Ill. 2011); *Balbarin v. North Star Capital Acquisition, LLC,*, 10 C 1846, 2011 U.S. Dist. LEXIS 686 (N.D. Ill., Jan. 5, 2011), later opinion, 2011 U.S. Dist. LEXIS 5763 (N.D.Ill., Jan. 21, 2011), later opinion, 2011 U.S. Dist. LEXIS 58761 (N.D. Ill., June 1, 2011); *Lo v. Oxnard European Motors, LLC*, 11CV1009 JLS (MDD), 2012 U.S. Dist. LEXIS 73983 (S.D.Cal., May 29, 2012). Fax cases include: *Holtzman v. Turza*, 08 C 2014, 2009 U.S. Dist. LEXIS 95620 (N.D.Ill., Oct. 14, 2009), aff'd, 728 F.3d 682 (7th Cir. 2013); *Sadowski v. Med1 Online, LLC,* 07 C 2973, 2008 U.S. Dist. LEXIS 41766 (N.D.Ill., May 27, 2008); *CE Design Ltd. v Cy's Crabhouse North, Inc.*, 259 F.R.D. 135 (N.D.Ill. 2009); *Targin Sign Sys. v Preferred Chiropractic Ctr., Ltd.*, 679 F. Supp. 2d 894 (N.D.Ill. 2010); *Garrett v. Ragle Dental Lab, Inc.,* 10 C 1315, 2010 U.S. Dist. LEXIS 108339, 2010 WL 4074379 (N.D.Ill., Oct. 12, 2010); *Hinman v. M & M Rental Ctr.,* 545 F.Supp. 2d 802 (N.D.Ill. 2008); *Clearbrook v. Rooflifters, LLC*, 08 C 3276, 2010 U.S. Dist. LEXIS 72902 (N.D. Ill. July 20, 2010) (Cox, M.J.); *G.M. Sign, Inc. v. Group C Communs., Inc.*, 08 C 4521, 2010 U.S. Dist. LEXIS 17843 (N.D. Ill. Feb. 25, 2010); *Kavu, Inc. v. Omnipak Corp.,* 246 F.R.D. 642 (W.D.Wash. 2007); *Display South, Inc. v. Express Computer Supply, Inc.,* 961 So.2d 451, 455 (La. App. 1st Cir. 2007); *Display South, Inc. v. Graphics House Sports Promotions, Inc.*, 992 So. 2d 510 (La. App. 1st Cir. 2008); *Lampkin v. GGH, Inc.*, 146 P.3d 847 (Ok. App. 2006); *ESI Ergonomic Solutions, LLC v. United Artists Theatre Circuit, Inc.*, 203 Ariz. (App.) 94, 50 P.3d 844 (2002); *Core Funding Group, LLC v. Young*, 792 N.E.2d 547 (Ind.App. 2003); *Critchfield Physical Therapy v. Taranto Group, Inc.*, 293 Kan. 285; 263 P.3d

767 (2011); *Karen S. Little, L.L.C. v. Drury Inns. Inc.,* 306 S.W.3d 577 (Mo. App. 2010); *Lindsay Transmission, LLC v. Office Depot, Inc.*, 4:12cv221 (E.D.Mo., Feb. 25, 2013).

      33.    Management of this class action is likely to present significantly fewer difficulties that those presented in many class actions, e.g. for securities fraud.

      WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class and against defendant for:

      a.    Statutory damages;

      b.    An injunction against further text message calls to cellular telephones;

      c.    Costs of suit;

      d.    Such other or further relief as the Court deems just and proper.


      /s/Tiffany N. Hardy
      Tiffany N. Hardy


Tiffany N. Hardy
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)
Email address for service:  courtecl@edcombs.com


Abraham Kleinman
KLEINMAN, LLC
626 RXR Plaza
Uniondale, New York  11556-0626
(516) 522-2621
(888) 522-1692 (FAX)

## NOTICE OF ASSIGNMENT

Please be advised that all rights relating to attorney's fees have been assigned to counsel.

s/Tiffany N. Hardy<br>
Tiffany N. Hardy

## DOCUMENT PRESERVATION DEMAND

Plaintiff hereby demands that defendant take affirmative steps to preserve all recordings, data, documents, and all other tangible things that relate to plaintiff, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with plaintiff, and any account or number or symbol relating to them. These materials are likely very relevant to the litigation of this claim. If defendant is aware of any third party that has possession, custody, or control of any such materials, plaintiff demands that defendant request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the defendant.

s/Tiffany N. Hardy
Tiffany N. Hardy